UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL LEE DROPIK, :
:
    Petitioner : CIVIL NO. 4:CV-08-672
:
  v. :
: (Judge McClure)
:
FEDERAL BUREAU OF PRISONS, :
ET AL., :
:
    Respondents :

## **MEMORANDUM**

April 21, 2008

**Background**

Daniel Lee Dropik ("Petitioner"), an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania, initiated this action by filing a motion to file a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has also submitted a motion seeking appointment of counsel and incorporated request to proceed *in forma pauperis*. *See* Record document no. 2.

Named as Respondents are "Unidentified representatives of the U.S. Federal Bureau of Prisons and/or the U.S. Federal Bureau of Prisons." Record document no.

1, p. 1.  There are no factual averments set forth in Petitioner's motion to file a writ.  However, Dropik's motion for counsel generally indicates that he is seeking relief under § 2241 "to contest the decision making of an administrative agency and/or the agency's representatives."  Record document no. 2, p. 1.  Petitioner additionally states that he also requires counsel to assist in the resolution of a lost property claim.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). It is noted that the Rules are applicable to § 2241 petitions under Rule 1(b).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from

the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

It is initially noted that Dropik's vague assertion that he wishes to contest the decision making of an administrative agency is clearly insufficient under Rule 2(b) of the Rules Governing Section 2254 cases in the United States District Courts which requires that a habeas petition specify all grounds for relief and state the facts supporting each ground.

Second, the only other allegation set forth in Petitioner's present submissions, is his vague loss of property claim. It is clear that said assertion does not challenge his underlying criminal conviction or sentence. Dropik also does not claim that his criminal sentence has been improperly calculated. Nor does it regard a loss of good time credits or any action which otherwise extended the length of Petitioner's

confinement. Accordingly, "habeas corpus is *not* an appropriate or available federal remedy" with respect to any claim Petitioner has stemming from a loss of property. Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

In conclusion, since Petitioner's present submissions fail to set forth a discernible basis for federal habeas corpus relief, his action will be dismissed without prejudice. Petitioner, if he so chooses, may file a new petition for federal habeas corpus relief in a manner which complies with the federal and local rules.[1] An appropriate Order will enter.

      s/ James F. McClure, Jr.
      JAMES F. MCCLURE, JR.
      United States District Judge

---

[1] Attached to this Memorandum and Order is the Court's form § 2241 petition and *in forma pauperis* application.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL LEE DROPIK, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-08-672 |
| | : | |
| FEDERAL BUREAU OF PRISONS, | : | (Judge McClure) |
| ET AL., | : | |
| Respondents | : | |

## **ORDER**

April 21, 2008

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner is granted temporary leave to proceed *in forma pauperis* for the sole purpose of the filing of this action.

2. Petitioner's request for a writ of habeas corpus is DISMISSED without prejudice.

3. The Clerk of Court is directed to CLOSE the case.

4. Petitioner's motion for appointment of counsel is dismissed as moot.

5. There is no basis for the issuance of a certificate of appealability.

      s/ James F. McClure, Jr.
JAMES F. MCCLURE, JR.
United States District Judge